99 F.3d 1139
 153 L.R.R.M. (BNA) 2736
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
LABORERS' LOCAL 334, INTERNATIONAL UNION OF NORTH AMERICA,
AFL-CIO-CLC, Respondent.
 No. 96-5672.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1996.
 
 NLRB, Nos. 7-CB-7625, 7-CB-8144, 7-CB-9636, 7-CB-9643, 7-CB-9704, 7-CB-9827 and 7-CB-9877.
 NLRB, 1995 WL 258774.
 ORDER ENFORCED.
 Before: MERRITT, NELSON, and COLE, Circuit Judges.
 
 JUDGMENT
 
 1
 The National Labor Relations Board (the "Board") applies for summary enforcement of its April 28, 1995, decision and order in Case Nos. 7-CB-7625, 7-CB-8144, 7-CB-9636, 7-CB-9643, 7-CB-9704, 7-CB-9827, and 7-CB-9877 in which it found the respondent violated federal labor law and directed the respondent to take certain remedial steps stated therein. The respondent filed an answer to the original consolidated amended complaint before the Board, but withdrew that answer insofar as it pertained to the subject matter of the above Board order. It did not file an answer to a second amended complaint or otherwise appear before the Board to challenge that complaint. The respondent likewise has not filed an answer to the Board's present petition before this court. Under these circumstances, we conclude the Board is entitled to the relief it presently seeks. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member, agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")
 
 
 2
 It therefore is ORDERED that the Board's April 28, 1995, decision and order in Case Nos. 7-CB-7625, 7-CB-8144, 7-CB-9636, 7-CB-9643, 7-CB-9704, 7-CB-9827, and 7-CB-9877 is hereby enforced. The respondent, its officers, agents, and representatives, shall:
 
 1. Cease and desist from:
 
 3
 (a) Failing to represent a unit employee, including by a prolonged delay or refusing to arbitrate a grievance over a discharge or layoff, because the employee has filed prior Board unfair labor practice charges or engaged in other internal union activities protected by the National Labor Relation Act (the "Act") or to discharge the employee from all such activities.
 
 
 4
 (b) Failing and refusing to make available to unit employees copies of its collective bargaining agreements with employers, which agreements contain rates of pay and other terms and conditions of employment of these unit employees.
 
 
 5
 (c) Failing and refusing to provide unit employees with referral information on request as it pertains to all agreements and practices where the respondent operates an exclusive referral system.
 
 
 6
 (d) Threatening employees that it will refuse to refer them to jobs because they support a rival candidate for election to internal union office.
 
 
 7
 (e) Impliedly threatening employees to refuse to refer them to jobs by telling them to seek employment from a rival candidate whom the employees supported in the internal union election.
 
 
 8
 (f) Maintaining a local union rule under which employee-members who file allegedly "frivolous" unfair labor practice charges with the Board without first exhausting internal union constitutional remedies may be sued by the respondent for the attorney and/or litigation costs of the respondent's defense against the Board charges.
 
 
 9
 (g) Threatening to file civil law suits against employees because the employees had filed Board charges against the respondent and in retaliation for the employees' internal union activities protected by Section 7 of the Act.
 
 
 10
 (h) In any like or related manner restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 11
 2. Take the following affirmative action which the Board has found necessary to effectuate the policies of the Act:
 
 
 12
 (a) Request that employers Frederick Employment Services, Inc. ("Frederick"), M & M Contracting Incorporated ("M & M"), Bechtel Construction Company ("Bechtel"), and ABB Resource Recovery Systems ("ABB") reinstate unit employee Lucretia Sturdivant to her former position or, if the position no longer exists, to a substantially equivalent position.
 
 
 13
 (b) Jointly and severally with employers Frederick, M & M, Bechtel, and ABB make Lucretia Sturdivant whole for any loss of earnings or other benefits suffered as a result of her layoff or discharge until such time as she is reinstated by the above named employers or obtains other substantially equivalent employment, with interest computed in the manner prescribed in the remedy section of the Board's decision.
 
 
 14
 (c) Remove from its files, and ask employers Frederick, M & M, Bechtel, and ABB to remove from their files, any reference to Lucretia Sturdivant's layoff or discharge and notify her, in writing, that this has been done and that evidence of this action shall not be used as a basis for future action against her.
 
 
 15
 (d) Provide to unit employees George Beadles and Lucretia Sturdivant, and other similarly situated employee-members of the laborer units under the maintenance agreements, copies of these contracts and other collective bargaining agreements applicable to them in which the respondent is a party.
 
 
 16
 (e) Provide to charging party Mark H. Eagle all referral information he has requested as it pertains to all agreements and practices where the respondent operates an exclusive referral system.
 
 
 17
 (f) Rescind and cease giving effect to the local union rule under which employee-members who file allegedly "frivolous" unfair labor practice charges with the Board without first exhausting internal union constitutional remedies may be sued by the respondent for the attorney and litigation costs of the respondent's defense against the Board charges.
 
 
 18
 (g) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places, including all places where notices to members are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 19
 (h) Forward a sufficient number of signed copies of the notice to the aforesaid Regional Director for posting by Frederick Employment Services, M & M Contracting Incorporated, Bechtel Construction Company, and ABB Resource Recovery Systems, at each employer's place of business in Detroit, Michigan (including the Detroit Incinerator facility for employer ABB), and Eichleay Corporation at its place of business in Wayne County, Michigan, and The Lathrop Company, Inc., at its job sites in Michigan.
 
 
 20
 (i) Notify the said Regional Director, in writing, within 20 days from the date of this judgment, what steps the respondent has taken to comply with this judgment.
 
 APPENDIX
 
 21
 NOTICE TO MEMBERS POSTED PURSUANT TO A JUDGMENT OF THE
 
 
 22
 UNITED STATES COURT OF APPEALS ENFORCING AN ORDER
 
 OF THE NATIONAL LABOR RELATIONS BOARD
 An Agency of the United States Government
 
 23
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 24
 WE WILL NOT fail to represent an employee, including by a prolonged delay or refusal to arbitrate a grievance over a layoff or discharge, because the employee has filed prior Board unfair labor practice charges or engaged in other internal union activities protected by the Act or to discourage the employee from all such activities.
 
 
 25
 WE WILL NOT fail and refuse to make available to unit employees copies of our collective-bargaining agreements with employers, which agreements contain rates of pay and other terms and conditions of employment of these employees.
 
 
 26
 WE WILL NOT fail and refuse to provide unit employees with referral information on request as it pertains to all agreements and practices where we operate an exclusive referral system.
 
 
 27
 WE WILL NOT threaten employees that we will refuse to refer them to jobs because they support a rival candidate for election to internal union office.
 
 
 28
 WE WILL NOT impliedly threaten employees to refuse to refer them to jobs by telling them to seek employment from a rival candidate whom the employees had supported in the internal union election.
 
 
 29
 WE WILL NOT maintain a local union rule under which employee-members who file allegedly "frivolous" unfair labor practice charges with the Board without first exhausting internal union constitutional remedies may be sued by us for the attorney and/or litigation costs of our defense against the Board charges.
 
 
 30
 WE WILL NOT threaten to file civil law suits against employees because the employees had filed Board charges against us and in retaliation for the employees' internal union activities protected by Section 7 of the Act.
 
 
 31
 WE WILL NOT in any like or related manner restrain or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act.
 
 
 32
 WE WILL request that Employers Frederick Employment Services, Inc., M & M Contracting Incorporated, Bechtel Construction Company, and ABB Resource Recovery Systems reinstate employee Lucretia Sturdivant to her former position or, if the position no longer exists, to a substantially equivalent position.
 
 
 33
 WE WILL jointly and severally with Employers Frederick, M & M, ABB, and Bechtel make Lucretia Sturdivant whole for any loss of earnings or other benefits suffered as a result of her layoff or discharge by the above-named Employers until such time as she is reinstated by them or obtains other substantially equivalent employment, with interest.
 
 
 34
 WE WILL remove from our files and WE WILL ask the above-named Employers to remove from their files any reference to the layoff or discharge of Lucretia Sturdivant, and WE WILL notify her, in writing, that this has been done and that evidence of this action shall not be used as a basis for future action against her.
 
 
 35
 WE WILL provide to employees George Beadles and Lucretia Sturdivant, and other similarly situated employee-members of the laborer units under the maintenance agreements, copies of these contracts and other collective-bargaining agreements applicable to them to which we are a party.
 
 
 36
 WE WILL provide to employee Mark H. Eagle all referral information he has requested as it pertains to all agreements and practices where we operate an exclusive referral system.
 
 
 37
 WE WILL rescind and cease giving effect to the local union rule under which employee-members who file allegedly "frivolous" unfair labor practice charges with the Board without first exhausting internal union constitutional remedies may be sued by us for the attorney and/or litigation costs of our defense against the Board charges.
 
 
 38
 LABORERS' LOCAL 334, LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO-CLC